XAVIER BECERRA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General
GARY OSTRICK
Deputy Attorney General
State Bar No. 211031
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6523
  Fax:  (213) 897-2810
  E-mail:  Gary.Ostrick@doj.ca.gov

Attorneys for Defendants State of California,
acting by and through the California
Highway Patrol, and Commissioner Warren
Stanley (in his official capacity)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA BOLANOS,<br><br>                              Plaintiff,<br><br>             v.<br><br>JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50, inclusive, GREGORY GALASSI, individually, and DOE 51, individually,<br><br>                              Defendants. | Case No. 2:19-cv-00666<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a) AND (c) (FEDERAL QUESTION)** |

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants the State of California, acting by and through the California Highway Patrol (CHP), and Warren Stanley, who is sued in his official capacity only as the Commissioner of the CHP (collectively, the CHP Defendants), hereby remove to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, the action originally filed against the CHP Defendants in the Superior Court of the State of California for the County of Los Angeles, entitled *Diana Bolanos v. James McDonnell, et al.*, Case No. BC718789. In support of removal, the CHP Defendants state as follows:

1. This case arises from Defendant Gregory Galassi's attempt to evade a traffic stop by officers of the CHP. As Plaintiff Diana Bolanos alleges, she was riding as a passenger on a motorcycle operated by Galassi on August 18, 2017. One or more of defendants attempted to stop Galassi for a reason allegedly unknown to Bolanos. Galassi refused to stop and fled from one or more of defendants. A vehicle pursuit ensued in which Bolanos contends that defendants negligently or wrongfully operated a motor vehicle. Bolanos further contends that Galassi negligently operated his motorcycle, on which Bolanos was riding, resulting in a crash that injured Bolanos.

2. On August 21, 2018, Bolanos filed an action against the CHP Defendants and other defendants in the Los Angeles County Superior Court, entitled *Diana Bolanos v. James McDonnell, et al.*, Case No. BC718789. Bolanos alleges three causes of action against the CHP Defendants: (1) a claim for violation of California Vehicle Code section 17001, (2) a claim for violation of California Vehicle Code section 17004.7, and (3) a claim for violation of Bolanos's rights under the Fourth Amendment of the United States Constitution. Plaintiff seeks damages and attorney's fees, pursuant to Tile 42, United States Code section 1988 (Section 1988).

3. On January 22, 2019, Bolanos served her summons and complaints on

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C §§ 1441(a) & (c)  (FEDERAL QUESTION)

the CHP Defendants at the headquarters of the California Highway Patrol in Sacramento, California. A true and correct copy of the summons, complaint, and accompanying papers served on the CHP are attached hereto as Exhibit A. A true and correct copy of the summons, complaint, and accompanying papers served on Commissioner Stanley are attached hereto as Exhibit B. These documents together constitute all of the process, the pleadings, and orders that have been served on the CHP Defendants with respect to Los Angeles County Superior Court Case No. BC718789.

4.     Bolanos's complaint pleads a cause of action for violation of Plaintiff's civil rights under the Fourth Amendment of the United States Constitution, including attorney's fees under Section 1988, against the CHP and Commissioner Stanley in his official capacity only. Plaintiff's complaint is therefore a civil action of which this court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343, which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c).

5.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it has been filed within 6 days after service of the summons and complaints on the CHP Defendants.

6.     At this time, the CHP Defendants are unaware of whether any other named defendants have been served with Bolanos's summons and complaint. No filed proofs of service are shown on the docket for this action in the Los Angeles County Superior Court. Upon receipt of information indicating that any of the other defendants were served prior to the CHP Defendants' removal of this action to federal court, the CHP Defendants will obtain the consent and joinder of any such defendants for the removal of this action from state court to the federal court.

7.     The CHP Defendants do not waive any immunities that they would have had in state court to Bolanos's causes of action by removing this case to federal court, including, but not limited to, those immunities that exist under the

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C §§ 1441(a) & (c)  (FEDERAL QUESTION)

United States Constitution and federal law, and expressly preserve their right to assert sovereign immunity as applicable under California law under California Government Code section 815 and other California legal precedent. *See, e.g.*, *Stroud v. McIntosh*, 722 F.3d 1294, 1300-04 (11th Cir. 2013); *Pittman v. Oregon, Employment Dep't*, 509 F.3d 1065, 1071-72 (9th Cir. 2007); *Wood v. Montana Dep't of Revenue*, 826 F. Supp. 2d 1232, 1236-37 (D. Mont. 2011); Redgrave v. Ducey, 2018 WL 4931722, at *3 (D. Ariz. Oct. 11, 2018) (adopting the reasoning and holding in *Wood*); *Zavareh v. Nev. ex rel. Bd. of Regents of Nev. Sys. Of Higher Educ.*, 2013 WL 5781729, at *6-7 (D. Nev. Oct. 17, 2013) (following *Wood*).

8. In filing this Notice of Removal, the CHP Defendants do not waive, but expressly reserve, any and all objections and defenses under Rules 12(b) and 12(f) of the Federal Rules of Civil Procedure or any other rules which are or will be applicable to this Action.

9. A written notice to Plaintiff of this Notice of Removal shall be filed with the Superior Court of the State of California for the County of Los Angeles, and served upon Plaintiff's counsel. The form of that notice will be substantially identical to the notice attached to this Notice of Removal as Exhibit C.

Dated:  January 28, 2019

Respectfully submitted,

XAVIER BECERRA
  Attorney General of the State of California
ELIZABETH S. ANGRES
  Supervising Deputy Attorney General

By:      /s/ Gary Ostrick
         GARY OSTRICK
         Deputy Attorney General
Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Commissioner Warren Stanley (in his official capacity)

3

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C §§ 1441(a) & (c)  (FEDERAL QUESTION)

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JAMES MCDONNELL, as Sheriff of Los Angeles County; see attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIANA BOLANOS, individually;

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2018

Sherri R. Carter, Executive Officer/Clerk

By: Glorietta Robinson, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles County Superior Court <br> 111 North Hill Street <br> Los Angeles 90012 | CASE NUMBER <br> *(Número del Caso):* BC 718789 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ivet Grigoryan, Esq.; 2801 Cahuenga Blvd. West, Los Angeles, CA 90068; (323) 850-1900.

DATE: AUG 21 2018
*(Fecha)* SHERRI R. CARTER      Clerk, by _____ , Deputy
*(Secretario)*      Glorietta Robinson      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* State of California

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* Public entity
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>Bolanos v. McDonnell, et al. | CASE NUMBER: |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50 inclusive, GREGORY GALASSI, individually, and DOE 51, individually,

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Tigran Martinian CSB# 247638
tm@martinianlaw.com
Suzanna Abrahamian CSB# 285453
Martinian & Associates, Inc.
2801 Cahuenga Boulevard West
Los Angeles, CA 90068
Telephone: (323) 850-1900

Attorneys for Diana Bolanos

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 1 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

DIANA BOLANOS,

Plaintiff,

vs.

JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50 inclusive, GREGORY GALASSI, individually, and DOE 51, individually, Defendants.

Case No.:   BC 7 1 8 7 8 9

COMPLAINT FOR DAMAGES, STATE TORT ACTION;

CIVIL RIGHTS COMPLAINT: 42 U.S.C. § 1983

## COMPLAINT

COMES NOW, the Plaintiff, DIANA BOLANOS, by and through her undersigned attorney, and hereby sues the Defendants, JAMES MCDONNELL, as Sheriff of the Los Angeles County Sheriff's Department (LASD), WARREN STANLEY, as Commissioner of the California Highway Patrol (CHP), CHARLIE BECK as Chief of the Los Angeles

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Police Department (LAPD), CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50, in their individual capacity only and not in their official capacity as law enforcement officers for the Los Angeles County Sheriff's Department, Los Angeles Police Department, and California Highway Patrol, GREGORY GALASSI, individually, and DOE, individually as the owner of the motorcycle operated by GREGORY GALASSI, and as grounds therefore states as follows:

## INTRODUCTION

1) This is an action for personal injuries and damages sustained by a citizen of the United States of America, resident of Los Angeles County, California, against JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment arising from a vehicle pursuit that occurred on or about August 18, 2017 in Los Angeles County, California, against DOES 1-50 individually only, as employees of the Los Angeles County Sheriff's Department, Los Angeles Police Department, and California Highway Patrol, who acting under the color of state law, deprived Plaintiff of rights guaranteed by the United States Constitution and the California Constitution, contrary to the dictates of 42 U.S.C. § 1983, against GREGORY GALASSI, individually, as the negligent operator of a motorcycle on which Plaintiff was riding as a passenger at the time it crashed during a vehicle pursuit conducted by officers of Defendants, JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public

entity, STATE OF CALIFORNIA, and against DOE, as owner of the motorcycle operated by GREGORY GALASSI.

## JURISDICTION AND VENUE

2) Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendants reside and/or transact business, and or provide law enforcement services in the County of Los Angeles, and are within the jurisdiction of this Court for purposes of service of process. Moreover, the events and conduct complained of herein all occurred in this judicial district. This action is brought pursuant to 42 USC §§1983 and 1988 and the Fourth Amendment to the Constitution of the United States of America.

## PARTIES

3) At all times material hereto, Plaintiff was and is a resident of Los Angeles County, California, and was an innocent third party who was grievously injured during a police chase of a motorcycle she was riding on as a passenger, such chase being initiated and continued by law enforcement officers acting under color of law and within the scope of their employment with the aforesaid Defendant law enforcement agencies, municipality, county and state.

4) At all times material hereto, Defendant City of Los Angeles (CITY) is a municipal entity with the capacity to sue and be sued. It is a Charter City under the laws of the State of California. The departments of the City of Los Angeles include the Los Angeles Police Department and the Los Angeles Department of Public Works and its departments and agencies.

5) At all times material hereto, Defendant County of Los Angeles (COUNTY) was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Los Angeles, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and

— 3 —
COMPLAINT FOR DAMAGES

officers. At all times mentioned hereto the Los Angeles County Sheriff's Department was and is a public entity under California law.

6) At all times material hereto, Defendant, State of California was and is a legal and political entity established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. At all times mentioned hereto, the California Highway Patrol was and is a public entity under California law. Defendant California Highway Patrol, headquartered in Sacramento, California is a division of the State of California in charge of patrolling California State highways.

7) Defendant, James McDonnell, is the Sheriff of Los Angeles County and a resident of Los Angeles County, California. He is an elected official of the County and responsible for oversight of Defendant LASD and implementation of its policy. Plaintiff names Defendant McDonnell in his official capacity only. Defendant, James McDonnell, is responsible for the implementation of the LASD's vehicle pursuit policy, certification by its officers, and training of its officers in the LASD's vehicle pursuit policy.

8) Defendant, Charlie Beck, is the Chief of the Los Angeles Police Department and a resident of Los Angeles County, California. He is an elected official of the City and responsible for oversight of Defendant LAPD and implementation of its policy. Plaintiff names Defendant Beck in his official capacity only. Defendant, Charlie Beck, is responsible for the implementation of the LAPD's vehicle pursuit policy, certification by its officers, and training of its officers in the LAPD's vehicle pursuit policy.

9) Defendant, Warren Stanley, is the Commissioner of the California Highway Patrol and a resident of the State of California. He is an elected or appointed official of the State and responsible for oversight of Defendant CHP and implementation of its policy. Plaintiff names Defendant Stanley in his official capacity only. Defendant, Warren Stanley, is responsible for the implementation of the CHP's vehicle pursuit policy, certification by its officers, and training of its officers in the CHP's vehicle pursuit policy.

COMPLAINT FOR DAMAGES

10) At all times material hereto, Defendants, LASD, LAPD, and CHP, had, pursuant to California Vehicle Code section 17004.7(c), adopted a policy for the safe conduct of motor vehicle pursuits by peace officers employed by these Defendants.

11) At all times material hereto, Defendants, DOES 1-50, were law enforcement officers employed by the Los Angeles County Sheriff's Department, Los Angeles Police Department, and/or California Highway Patrol performing duties on behalf of said law enforcement agencies. The Los Angeles County Sheriff's Office, Los Angeles County Police Department and California Highway Patrol are governmental agencies of Los Angeles County, the City of Los Angeles and the State of California, respectively, and located in Los Angeles County, California, and who are charged with enforcing the law.

12) At all times material hereto, DOES 1-50 were acting as agents, servants, and employees of the Los Angeles County Sheriff's Department, Los Angeles Police Department and/or the California Highway Patrol.

13) At all times material hereto and in all of their actions described hereafter, DOES 1-50, were acting under the color of state law and pursuant to the authority of the respective law enforcement agency each of them was employed by.

14) Each of the Defendants, DOES 1-50, participated personally in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiff. Each acted in concert with each other. The challenged acts caused the violation of Plaintiff's rights.

15) The identities of Defendants, DOES 1 through 50, are presently unknown to Plaintiff, and on this basis, Plaintiff sues these Defendants by fictitious names. Plaintiff will amend the Complaint to substitute the true names of the DOE defendants when ascertained. Defendants, DOES 1-50, are sued individually only and not in their official capacity as law enforcement officers.

16) At all times material hereto, Defendant, GREGORY GALASSI, was a resident of Los Angeles County, California, and, on August 18, 2017, negligently operated a

— 5 —
COMPLAINT FOR DAMAGES

motorcycle in Los Angeles County, California that Plaintiff was riding, resulting in a crash which grievously injured Plaintiff.

17) At all times material hereto, Defendant, DOE 51, was the owner of the motorcycle operated by Defendant, GREGORY GALASSI, on August 18, 2017, in Los Angeles County, California, and was a resident of Los Angeles County, California.

## FACTUAL BACKGROUND

18) On or about August 18, 2017, Plaintiff was riding as an innocent passenger on a motorcycle owned by Defendant, DOE 51, and being operated by Defendant, GALASSI with the knowledge and actual or implied consent of Defendant, DOE 51.

19) Sometime during GALASSI'S operation of the aforesaid motorcycle, one or more of Defendants, DOES 1-50, attempted to stop GALASSI for some, as of this time, unascertained infraction, other purported violation of California law, or reason that did not constitute a violation of California law.

20) GALASSI refused to stop, and, instead, fled from one or more of Defendants, DOES 1-50.

21) A vehicle pursuit ensued involving one or all of Defendants, DOES 1-50, during which one or all of Defendants, DOES 1-50, negligently or wrongfully acted, or omitted to act, in the operation of any motor vehicle. Specifically, one or all of Defendants, DOES 1-50, ignored or failed to follow the vehicle pursuit policies of Defendants, LASD, LAPD, and/or CHP. Additionally, one or all of Defendants, DOES 1-50, operated their respective motor vehicles and/or directed the pursuit, in an unconscionable and shocking manner, with recklessness, deliberate indifference, or even intentional and conscious disregard for the safety of the Plaintiff, an innocent third party victim, resulting in grievous personal injuries to Plaintiff, including numerous fractures and permanent partial impairment(s).

## COUNT I

CLAIM BROUGHT PURSUANT TO CALIFORNIA TORT CLAIMS ACT, AND CALIFORNIA VEHICLE CODE SECTION 17001 AGAINST

DEFENDANTS' JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, and STATE OF CALIFORNIA'S Liability for Negligence of Defendants', DOES 1-50. Plaintiff realleges and incorporates herein, the allegations set forth in paragraphs 1-21 above, and further alleges that:

22) Vehicle Code section 17001 creates a statutory exception to public entities' general tort immunity: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

23) The manner in which one or all of Defendants, DOES 1-50, operated their respective motor vehicles and/or directed the pursuit violated Defendants', LASD, LAPD and CHP's, vehicle pursuit policies by, among other things, failing to take into account or ignoring the time of day, traffic conditions, speed at which GALUSSI was operating the motorcycle owned by DOE 51, nature of the offense GALUSSI had allegedly committed, traffic patterns and volume, location of the chase, the presence of Plaintiff, an innocent third party, riding as a passenger on the motorcycle operated by GALUSSI, visibility, road conditions, the identity of offender (if known)/offender can be located at a later time, capabilities of law enforcement vehicle(s), ability of officer(s) driving, availability of additional resources, whether supervisory approval is required, the Officers'/supervisors' familiarity with the area of the pursuit, and the Quality of radio communications.

24) The threat to Plaintiff's safety posed by the aforesaid acts of DOES 1-50 was out of proportion to the offense or offenses involved.

25) The aforesaid actions of DOES 1-50 constitute negligent or wrongful act(s) or omission(s) in the operation of any motor vehicle by an employee(s) of the public entity acting within the scope of her/his/their employment for which Defendants,

— 7 —
COMPLAINT FOR DAMAGES

CITY, COUNTY, STATE, McDONNELL, BECK, STANLEY, LASD, LAPD, and CHP are liable under Vehicle Code section 17001.

26) As a direct and proximate result of the aforesaid acts and omissions, Plaintiff has suffered the following damages:

a. Grievous and permanent physical injuries and impairments.

b. Emotional pain and suffering, both past and in the future.

c. Compensatory damages.

d. Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper, and trial by jury of all matters triable as right by jury.

## COUNT II

CLAIM AGAINST DEFENDANTS' JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, and STATE OF CALIFORNIA, FOR FAILURE TO COMPLY WITH CALIFORNIA VEHICLE CODE SECTION 17004.7.

Plaintiff realleges and incorporates herein, the allegations set forth in paragraphs 1-21, and 23 above, and further alleges that:

27) Defendants, CITY, COUNTY, STATE, LASD, LAPD and CHP adopted and promulgated vehicle pursuit policies pursuant to California Vehicle Code Section 17004.7. Defendants, McDonnell, Beck, and Stanley were responsible for ensuring that said vehicle pursuit policies complied with the requirements of sections 17004.7(c)(2) and (c)(4) regarding minimum standards and adequate guidelines, section 17004.7(c)(1-12) regarding minimum guidelines, section 17004.7(d) regarding "Regular and periodic training" annually, such training to include, at a minimum, coverage of each of the subjects and elements set forth in subdivision (c)

COMPLAINT FOR DAMAGES

and the training guidelines established pursuant to Section 13519.8 of the California Penal Code. Defendants were furthermore responsible for implementing a written certification requirement, independent of section 17004.7, that all officers certify that that they have received, read, and understand the department's vehicle pursuit policy.

28) The Defendants' vehicle pursuit policies fail to specify minimum standards and adequate guidelines as required by California Vehicle Code section 17004.7, subdivisions (c)(2) and (c)(4).

29) Defendants did not implement a written certification requirement, independent of section 17004.7, that all officers certify that that they have received, read, and understand the department's vehicle pursuit policy.

30) Defendants were negligent by failing to adopt and promulgate a vehicle pursuit policy that provided the minimum guidelines set forth in section 17004.7(c)(1-12) of the California Vehicle Code.

31) The Defendants' vehicle pursuit policies do not provide officers in the field with sufficient guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit.

32) Defendants' vehicle pursuit policies do not provide reasonably specific criteria to guide officers in determining when a threat to public safety is out of proportion to the offense or offenses involved. The pursuit policy leaves that determination to the officer's subjective judgment.

33) The Defendants' policies provide insufficient guidance to officers regarding factors to consider when determining when to terminate a pursuit. The criteria for making that determination are insufficient to control and channel the pursuing officer's discretion to enable the officer to determine when a serious hazard is present or when continued pursuit of an identified suspect would serve no useful purpose.

34) By failing to provide sufficient guidance to officers regarding factors to consider when determining when to terminate a pursuit, insufficient criteria for making that determination are insufficient to control and channel the

— 9 —
COMPLAINT FOR DAMAGES

pursuing officer's discretion to enable the officer to determine when a serious hazard is present or when continued pursuit of an identified suspect would serve no useful purpose, no reasonably specific criteria to guide officers in determining when a threat to public safety is out of proportion to the offense or offenses involved, instead, leaving that determination to the officer's subjective judgment, not providing officers in the field with sufficient guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit, Defendants, LASD, LAPD, and CHP, did not adopt and implement an appropriate vehicle pursuit policy.

35) The means with which Defendants, LASD, LAPD, and CHP implement their respective vehicle pursuit policies do not comply with the requirements of Vehicle Code section 17004.7, and, therefore constitute a mere formality in violation of section 17004.7.

36) Defendants, LASD, LAPD, and CHP, adopted and promulgated a vehicle pursuit policy that did not meet the minimum standards enumerated in California Vehicle Code section 17004.7(c)(1-12), and/or did not provide the regular and periodic training required by California Vehicle Code section 17004.7(d), including, at a minimum, the following training guidelines established pursuant to Section 13519.8 of the California Penal Code:

As to the Balance Test:

Public safety

Nature of offense and apparent circumstances

Officer safety Vehicle Code requirements

Passenger in officer's vehicle (e.g., citizen, witness, prisoner)

Pedestrian and vehicular traffic patterns and volume

Other persons in or on pursued vehicle (e.g., passengers, co-offenders, hostages)

Location of the pursuit (e.g., school zone, playground, residential, downtown, jurisdiction)

Time of day Speed of fleeing suspect

Weather and visibility

COMPLAINT FOR DAMAGES

Road conditions

Identity of offender (if known)/offender can be located at a later time

Capabilities of law enforcement vehicle(s)

Ability of officer(s) driving

Availability of additional resources

Whether supervisory approval is required

Officer's/supervisor's familiarity with the area of the pursuit

Quality of radio communications (e.g., out of range, garbled, none)


As to Number of Involved Law Enforcement Units Permitted:

Type of units (marked/unmarked, motorcycles, canine, etc.) authorized to participate in a pursuit

Types of units confined to limited roles

Tactics and techniques authorized for units approved to "trail" or parallel a pursuit (e.g., traffic control in advance of the pursuit)

Number of suspects in fleeing vehicle

Number of officers per unit/vehicle

Nature of violation/suspected offense

Characteristics of the location/area

Availability of air support

Availability of assisting agencies/jurisdictions

Traffic conditions


As to the Responsibilities Of Primary And Secondary Law Enforcement Units:

Role of officer(s) and/or supervisor(s) regarding:

° Initiating a pursuit

° Continuing or terminating a pursuit

° Changing roles in a pursuit (primary to secondary)

° Taking over a pursuit as the primary unit or agency

° Joining a pursuit in progress ° Driving tactics

— 11 —
COMPLAINT FOR DAMAGES

- Capabilities of law enforcement vehicle(s)
- Ability of officer(s) driving

Communicating with other officer(s), dispatch and supervisor(s)

Operational responsibility for the pursuit

Conditions for authorizing additional units

As to driving tactics:

Spacing (distance between vehicles)

Intersection analysis/management

Caravanning (number of units in line)

Passing Paralleling Trailing

Use of emergency equipment

As to air support:

Communications Intersection/traffic analysis

Illumination (use of spotlight)

Surveillance tactics

Weather

Number of air units Aircraft safety

As to communications:

Notifying the communications center of the initiation of a pursuit

Initial information broadcast by the primary unit, including unit identification, location, direction of travel and speed, initial reason(s) for the pursuit, description of pursued vehicle including license number, if known, number of occupants in fleeing vehicle, if known, traffic and weather conditions

Continuing updates, including additional crimes observed

Control/coordination procedures, including supervisor notification (if available), Agency/Multi-jurisdictional communications, designation of communication frequency

Assignment of communications responsibilities

∘ Primary unit

∘ Secondary unit(s)

∘ Supervisor(s)

∘ Air unit (if available)

**As to capture of suspects:**

Availability/use of arrest team Use of "high risk" car stop techniques

Availability of additional units

Physiological and psychological condition of the officer

Department use of force policy/options

Characteristics of termination location

**As to continuation or termination of pursuit:**

Public safety

Nature of offense and circumstances

Officer safety

Vehicle code requirements

Passenger in officer's vehicle (citizen, witness, prisoner)

Pedestrian and vehicular traffic patterns and volume

Other persons in or on pursued vehicle (passengers, co-offenders, hostages)

Location of the pursuit (school zone, playground, residential, downtown, jurisdiction)

Time of day

Speed of fleeing suspect

Weather and visibility

Road conditions

Identity of offender (if known)/offender can be located at a later time

Capabilities of law enforcement vehicle(s)

Ability of officer(s) driving

— 13 —
COMPLAINT FOR DAMAGES

Availability of additional resources

Whether supervisory approval is required

Officer's/supervisor's familiarity with the area of the pursuit

Quality of radio communications (e.g., out of range, garbled, none)

As to supervisory responsibilities:

Violation/justification for the pursuit

Compliance with department policy

Number of involved law enforcement units permitted

Responsibilities of primary and secondary law enforcement units

Driving tactics

Air support Communications

Pursuit intervention tactics Speed Interjurisdictional considerations

Conditions of the vehicle, driver, roadway, weather, and traffic Hazards to uninvolved bystanders or motorists

Proceed to termination point

Stabilization of incident

Capture of suspects

As to pursuit intervention:

Training on the method/tactic

Type of vehicle involved (motorcycle, car, SUV, etc.)

Speed Location of the pursuit (school zone, playground, residential, downtown)

Road conditions

Occupant(s) of suspect vehicle (hostages, innocent persons, etc.)

Pedestrian and vehicular traffic patterns and volume Weather and visibility

Department use of force/shooting policy

Nature of the offense

As to the speed of pursuit:

Public safety

— 14 —
COMPLAINT FOR DAMAGES

Nature of offense and apparent circumstances

Officer safety

Vehicle Code requirements

Passenger in officer's vehicle (e.g., citizen, witness, prisoner)

Pedestrian and vehicular traffic patterns and volume

Other persons in or on pursued vehicle (e.g., passengers, co-offenders, hostages)

Location of the pursuit (e.g., school zone, playground, residential, downtown, jurisdiction)

Time of day

Speed of fleeing suspect Weather and visibility

Road conditions

Identity of offender (if known)/offender can be located at a later time

Capabilities of law enforcement vehicle(s) Ability of officer(s) driving

Availability of additional resources

Whether supervisory approval is required Officer's/supervisor's familiarity with the area of the pursuit Quality of radio communications (e.g., out of range, garbled, none)

As to interjurisdictional considerations:

Supervisory management and control of a pursuit that enters another jurisdiction

Communications and notifications among the agencies involved

Assistance available from the agency into whose jurisdiction the pursuit enters

Responsibility of an officer or employee who becomes aware of an outside jurisdiction conducting a pursuit within the employee's jurisdiction

Procedures for the agency to provide assistance, including assuming control of a pursuit

Any agency limits prohibiting involvement in an outside-agency pursuit

Any limits on the number of agencies and/or units allowed in pursuit at one time

Coordination, management, and control at the termination of an interjurisdictional pursuit

Responsibility for any arrest(s) when the offender(s) is captured

Factors that might warrant relinquishment of a pursuit to another jurisdiction (e.g., unfamiliarity with the area, loss of radio communications, or interagency agreement)

As to conditions of the vehicle, driver, roadway, weather and traffic:

Conditions affecting vehicles (type, condition, emergency equipment, capabilities, etc.)

Conditions affecting drivers (physiological, psychological, abilities)

Roadway conditions (width, surface)

Weather conditions (rain, fog, ice, snow)

Traffic conditions (heavy, moderate)

As to hazards to uninvolved bystanders and motorists:

Public safety Nature of offense and apparent circumstances

Officer safety

Availability/use of arrest team Use of "high risk" car stop techniques

Availability of additional units

Physiological and psychological condition of the officer

Department use of force policy/options

Characteristics of termination location

As to reporting and post-pursuit analysis:

Administrative review

Audio-visual evidence (if available)

Circumstances associated with pursuit.

37) Defendants did not sufficiently promulgate its policy as evidenced by the fact that its officer(s) failed to comply with and adhere to it. Furthermore, each of the officers who participated in and/or made or contributed to the decision to chase Defendant, GALASSI, did not receive, read and understanding the department's

— 16 —
COMPLAINT FOR DAMAGES

police pursuit policy, including every amendment to it. Further, a signed form was not kept in each officer's file as proof of promulgation of the vehicle pursuit policy.

38) As a direct and proximate result of the aforesaid acts and omissions, Plaintiff has suffered the following damages:

a. Grievous and permanent physical injuries and impairments.

b. Emotional pain and suffering, both past and in the future.

c. Compensatory damages.

d. Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper, and trial by jury of all matters triable as right by jury.

## COUNT III

Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein, and further alleges that:

39) An individual's interest in being free and safe from unreasonable police conduct falls within the Fourth Amendment's protection against unreasonable seizure. Conducting a vehicle pursuit with recklessness, deliberate indifference, or even intentional and conscious disregard for the safety of the Plaintiff, an innocent third party victim amounts to an unreasonable seizure under the Fourth Amendment.

40) As such, Plaintiff has suffered a separate constitutional violation of the Fourth Amendment of the United States due to the unreasonable seizure of her.

41) Defendant, DOES 1-50's, actions as described and enumerated in paragraph 23 were unreasonable under the circumstances, and constituted recklessness, deliberate indifference, or even intentional and conscious disregard for the safety of the Plaintiff, an innocent third party.

42) The above described actions and omissions constituted acts under the color of state authority by DOES 1-50. Said Defendants deprived the Plaintiff of the right

secured to her by the Fourth Amendment of the Constitution of the United States of America given that an unreasonable seizure occurred.

43) As a consequence of the deprivation of the Plaintiff's right to have a Fourth Amendment guarantee against unreasonable seizures, the Plaintiff has suffered the following damages:

a. Grievous and permanent physical injuries and impairments.

b. Emotional pain and suffering, both past and in the future.

c. Compensatory damages.

d. Attorney's fees, pursuant to the 42 USC §1988.

e. Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper.

Dated: August 2 l, 2018

Respectfully submitted

By: Tigran Martinian, Esq.
Suzanna Abrahamian, Esq.
Attorney for Diana Bolanos

— 18 —
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby formally demands a trial by jury as allowed by California law.

Dated: August 21, 2018

MARTINIAN & ASSOCIATES, INC.

By:     Tigran Martinian, Esq.
        Suzanna Abrahamian, Esq.
        *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
Michael K. Teiman, Esq. SBN 319524
mt@haffnerlawyers.com
HAFFNER LAW PC
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Tigran Martinian, Esq. SBN 247638
tm@martinianlaw.com
Suzanna Abrahamian, Esq. SBN 285453
sa@martinianlaw.com
MARTINIAN & ASSOCIATES, INC.
2801 West Cahuenga Blvd.
Los Angeles, California 90068
Tel: (323) 850-1900
Fax: (323) 850-1943

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DIANA BOLANOS<br><br>Plaintiffs,<br><br>v.<br><br>JAMES MCDONNEL as Sherriff of Los Angeles County, Warren Stanley as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50, inclusive, GREGORY GALASSI, an individual; and DOE 51, individually<br><br>Defendants. | CASE NO. BC718789<br><br>Complaint Filed: August 21, 2018<br><br>**NOTICE OF ASSOCIATION OF COUNSEL** |

— 1 —

NOTICE OF ASSOCIATION OF COUNSEL

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, effective immediately, October 11, 2018, Martinian & Associates, Inc. associates the HAFFNER LAW PC, located at 445 S. Figueroa Street, Suite 2325, Los Angeles, CA 90071 as co-counsel of record for Plaintiff in the above-entitled actions.

Please add the following counsel and firm to the service list:

Joshua H. Haffner, Esq.
Graham G. Lambert, Esq.
Michael Teiman, Esq.
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, CA 90071
Phone: 213-514-5681
Fax:    213-514-5682

DATED: October 15, 2018

MARTINIAN AND ASSOCIATES

By: _____
Tigran Martinian, Esq.
Suzanna Abrahamian, Esq.
*Attorneys for Plaintiffs*

ASSOCIATION ACCEPTED

DATED: October 15, 2018

HAFFNER LAW PC

By: _____
Joshua H. Haffner
Graham G. Lambert
*Attorneys for Plaintiffs*

— 2 —

NOTICE OF ASSOCIATION OF COUNSEL

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Tigran Martinian, SBN 247638; Suzanna Abrahamian, SBN 285453
MARTINIAN & ASSOCIATES, INC.
2801 Cahuenga Boulevard West
Los Angeles, CA 90068
TELEPHONE NO.: 323-850-1900      FAX NO.: 323-850-1943
ATTORNEY FOR *(Name):* Plaintiff, Diana Bolanos

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 1 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bolanos v. McDonnell, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 7 1 8 7 8 9 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☑ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☑ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2 (Two): State Tort, Civil Rights
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 21 2018
Suzanna Abrahamian, Esq.
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER BC 7 18 7 8 9 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 3-5    ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER |
|---|---|

|  | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
|  | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
|  | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
|  | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
|  | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  |  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
|  | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
|  | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  |  | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
|  |  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  |  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  |  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
|  | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  |  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
|  | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
|  | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  |  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  |  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
|  | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
|  | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  |  | ☐ A6032  Quiet Title | 2., 6. |
|  |  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
|  | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
|  | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
|  | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>60 Freeway , at or near Grand Avenue, Los Angeles, CA |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Superior___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 21, 2018 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA
## · COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

NOTICE OF CASE ASSIGNMENT

UNLIMITED CIVIL CASE - IC

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
BC 718789

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on ___AUG 21 2018___
    (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By ___G. ROBINSON___, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

Los Angeles County
Bar Association Labor and
Employment Law Section



**Consumer Attorneys,
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section** ◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3



| SHORT TITLE: | CASE NUMBER. |
|---|---|
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

## STIPULATION – DISCOVERY RESOLUTION

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER. |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

(INSERT DATE)          (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  FAX NO, (Optional):  
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference  
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)  
LASC Approved 04/11  
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**  
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11        **STIPULATION AND ORDER – MOTIONS IN LIMINE**              Page 2 of 2



# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Advantages of ADR

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

## Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

## The Most Common Types of ADR

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

› **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a Judge who devotes his or her time exclusively to preside over the MSC. The Judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Joshua H. Haffner, 188652; Michael K. Teiman, SBN 319524
Haffner Law PC
445 S. Figueroa Street, Suite 2325; Los Angeles, CA 90071
TELEPHONE NO.: 213-516-5681   FAX NO. *(Optional):* 213-514-5682
E-MAIL ADDRESS *(Optional):* mt@haffnerlawyers.com
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Diana Bolanos

DEFENDANT/RESPONDENT: James McDonnell, et al.

**CASE MANAGEMENT STATEMENT**

*(Check one):* ✓ UNLIMITED CASE ☐ LIMITED CASE
(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less)

CASE NUMBER:
BC718789

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: January 17, 2019   Time: 8:30 a.m.   Dept.: 19   Div.:   Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ✓ This statement is submitted by party *(name):* Plaintiffs
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ✓ The following parties named in the complaint or cross-complaint
      (1) ✓ have not been served *(specify names and explain why not):*
          see attachment 3b.
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ✓ complaint ☐ cross-complaint *(Describe, including causes of action):*
      Civil Rights complaint under 42 U.S.C. section 1983

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: Diana Bolanos | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: James McDonnell, et al. | BC718789 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

The police began chasing defendant Gregory Galassi while he and Plaintiff were on his motorcycle. In conductin the pursuit, the police (all other defendants) failed to abide by, including but not limited, their own internal policies and procedures, minimum standards, guidelines, training, and standard of care. The motorcycle crashed due to the police's conduct. As a result, Plaintiff has suffered severe physical and emotional injuries.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☑ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* 2/4/19; 2/25/19; 3/18/19; 5/15/19; 5/21/19; 8/20/19; 8/27/19; 9/3/19; 9/30/19; 10/7/19; 11/8/19; 12/3/19; 12/9/19; 12/30/19; 1/27/20; 2/24/20; 4/21/20; 6/29/20; all 10-14 day trials

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):* 10-14 days
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                           f.  Fax number:
e.  E-mail address:                                             g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | PLAINTIFF/PETITIONER: Diana Bolanos | CASE NUMBER: |
|---|---|---|
| | DEFENDANT/RESPONDENT: James McDonnell, et al. | BC718789 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Diana Bolanos | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: James McDonnell, et al. | BC718789 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy  ☐ Other (specify):

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depositions | Per code |
| Plaintiff | Discovery | Per code |
| Plaintiff | Expert Discovery | Per code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | Diana Bolanos | BC718789 |
| DEFENDANT/RESPONDENT: | James McDonnell, et al. | |

17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19. Meet and confer

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

Plaintiff has not met and conferred as the defendants have yet to be served.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20. Total number of pages attached (if any): ___1___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 2, 2019

Michael K. Teiman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Diana Bolanos v. James McDonnell | BC718789 |

### ATTACHMENT (Number): 3b

*(This Attachment may be used with any Judicial Council form.)*

The following parties in the complaint have not been served because Plaintiff is contemplating amending the complaint:
1) James McDonnell
2) Warren Stanley
3) Charlie Beck
4) City of Los Angeles
5) Los Angeles County
6) State of California
7) Gregory Galassi

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

JAMES MCDONNELL, as Sheriff of Los Angeles County; see attached

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

DIANA BOLANOS, individually;

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Los Angeles County Superior Court
111 North Hill Street
Los Angeles 90012

CASE NUMBER (Número del Caso): BC 718789

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ivet Grigoryan, Esq.; 2801 Cahuenga Blvd. West, Los Angeles, CA 90068; (323) 850-1900.

DATE: AUG 21 2018
(Fecha)

Clerk, by _____ , Deputy
(Secretario) (Adjunto)

SHERRI R. CARTER
Glorietta Robinson

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Warren Stanley, as Commissioner of the California Highway Patrol

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[X] other (specify): public entity

4. [X] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[SEAL]

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bolanos v. McDonnell, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50 inclusive, GREGORY GALASSI, individually, and DOE 51, individually,

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Tigran Martinian CSB# 247638
tm@martinianlaw.com
Suzanna Abrahamian CSB# 285453
Martinian & Associates, Inc.
2801 Cahuenga Boulevard West
Los Angeles, CA 90068
Telephone: (323) 850-1900

Attorneys for Diana Bolanos

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 1 2018

Sherri R. Carter, Executive Officer/Clerk
By: Gloriella Robinson, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

DIANA BOLANOS,

Plaintiff,

vs.

JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50 inclusive, GREGORY GALASSI, individually, and DOE 51, individually, Defendants.

Case No.: BC 718789

COMPLAINT FOR DAMAGES, STATE TORT ACTION;

CIVIL RIGHTS COMPLAINT: 42 U.S.C. § 1983

COMPLAINT

COMES NOW, the Plaintiff, DIANA BOLANOS, by and through her undersigned attorney, and hereby sues the Defendants, JAMES MCDONNELL, as Sheriff of the Los Angeles County Sheriff's Department (LASD), WARREN STANLEY, as Commissioner of the California Highway Patrol (CHP), CHARLIE BECK as Chief of the Los Angeles

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Police Department (LAPD), CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50, in their individual capacity only and not in their official capacity as law enforcement officers for the Los Angeles County Sheriff's Department, Los Angeles Police Department, and California Highway Patrol, GREGORY GALASSI, individually, and DOE, individually as the owner of the motorcycle operated by GREGORY GALASSI, and as grounds therefore states as follows:

## INTRODUCTION

1) This is an action for personal injuries and damages sustained by a citizen of the United States of America, resident of Los Angeles County, California, against JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment arising from a vehicle pursuit that occurred on or about August 18, 2017 in Los Angeles County, California, against DOES 1-50 individually only, as employees of the Los Angeles County Sheriff's Department, Los Angeles Police Department, and California Highway Patrol, who acting under the color of state law, deprived Plaintiff of rights guaranteed by the United States Constitution and the California Constitution, contrary to the dictates of 42 U.S.C. § 1983, against GREGORY GALASSI, individually, as the negligent operator of a motorcycle on which Plaintiff was riding as a passenger at the time it crashed during a vehicle pursuit conducted by officers of Defendants, JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public

entity, STATE OF CALIFORNIA, and against DOE, as owner of the motorcycle operated by GREGORY GALASSI.

## JURISDICTION AND VENUE

2) Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendants reside and/or transact business, and or provide law enforcement services in the County of Los Angeles, and are within the jurisdiction of this Court for purposes of service of process. Moreover, the events and conduct complained of herein all occurred in this judicial district. This action is brought pursuant to 42 USC §§1983 and 1988 and the Fourth Amendment to the Constitution of the United States of America.

## PARTIES

3) At all times material hereto, Plaintiff was and is a resident of Los Angeles County, California, and was an innocent third party who was grievously injured during a police chase of a motorcycle she was riding on as a passenger, such chase being initiated and continued by law enforcement officers acting under color of law and within the scope of their employment with the aforesaid Defendant law enforcement agencies, municipality, county and state.

4) At all times material hereto, Defendant City of Los Angeles (CITY) is a municipal entity with the capacity to sue and be sued. It is a Charter City under the laws of the State of California. The departments of the City of Los Angeles include the Los Angeles Police Department and the Los Angeles Department of Public Works and its departments and agencies.

5) At all times material hereto, Defendant County of Los Angeles (COUNTY) was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Los Angeles, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and

— 3 —
**COMPLAINT FOR DAMAGES**

officers. At all times mentioned hereto the Los Angeles County Sheriff's Department was and is a public entity under California law.

6) At all times material hereto, Defendant, State of California was and is a legal and political entity established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. At all times mentioned hereto, the California Highway Patrol was and is a public entity under California law. Defendant California Highway Patrol, headquartered in Sacramento, California is a division of the State of California in charge of patrolling California State highways.

7) Defendant, James McDonnell, is the Sheriff of Los Angeles County and a resident of Los Angeles County, California. He is an elected official of the County and responsible for oversight of Defendant LASD and implementation of its policy. Plaintiff names Defendant McDonnell in his official capacity only. Defendant, James McDonnell, is responsible for the implementation of the LASD's vehicle pursuit policy, certification by its officers, and training of its officers in the LASD's vehicle pursuit policy.

8) Defendant, Charlie Beck, is the Chief of the Los Angeles Police Department and a resident of Los Angeles County, California. He is an elected official of the City and responsible for oversight of Defendant LAPD and implementation of its policy. Plaintiff names Defendant Beck in his official capacity only. Defendant, Charlie Beck, is responsible for the implementation of the LAPD's vehicle pursuit policy, certification by its officers, and training of its officers in the LAPD's vehicle pursuit policy.

9) Defendant, Warren Stanley, is the Commissioner of the California Highway Patrol and a resident of the State of California. He is an elected or appointed official of the State and responsible for oversight of Defendant CHP and implementation of its policy. Plaintiff names Defendant Stanley in his official capacity only. Defendant, Warren Stanley, is responsible for the implementation of the CHP's vehicle pursuit policy, certification by its officers, and training of its officers in the CHP's vehicle pursuit policy.

10) At all times material hereto, Defendants, LASD, LAPD, and CHP, had, pursuant to California Vehicle Code section 17004.7(c), adopted a policy for the safe conduct of motor vehicle pursuits by peace officers employed by these Defendants.

11) At all times material hereto, Defendants, DOES 1-50, were law enforcement officers employed by the Los Angeles County Sheriff's Department, Los Angeles Police Department, and/or California Highway Patrol performing duties on behalf of said law enforcement agencies. The Los Angeles County Sheriff's Office, Los Angeles County Police Department and California Highway Patrol are governmental agencies of Los Angeles County, the City of Los Angeles and the State of California, respectively, and located in Los Angeles County, California, and who are charged with enforcing the law.

12) At all times material hereto, DOES 1-50 were acting as agents, servants, and employees of the Los Angeles County Sheriff's Department, Los Angeles Police Department and/or the California Highway Patrol.

13) At all times material hereto and in all of their actions described hereafter, DOES 1-50, were acting under the color of state law and pursuant to the authority of the respective law enforcement agency each of them was employed by.

14) Each of the Defendants, DOES 1-50, participated personally in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiff. Each acted in concert with each other. The challenged acts caused the violation of Plaintiff's rights.

15) The identities of Defendants, DOES 1 through 50, are presently unknown to Plaintiff, and on this basis, Plaintiff sues these Defendants by fictitious names. Plaintiff will amend the Complaint to substitute the true names of the DOE defendants when ascertained. Defendants, DOES 1-50, are sued individually only and not in their official capacity as law enforcement officers.

16) At all times material hereto, Defendant, GREGORY GALASSI, was a resident of Los Angeles County, California, and, on August 18, 2017, negligently operated a

— 5 —
COMPLAINT FOR DAMAGES

motorcycle in Los Angeles County, California that Plaintiff was riding, resulting in a crash which grievously injured Plaintiff.

17) At all times material hereto, Defendant, DOE 51, was the owner of the motorcycle operated by Defendant, GREGORY GALASSI, on August 18, 2017, in Los Angeles County, California, and was a resident of Los Angeles County, California.

## FACTUAL BACKGROUND

18) On or about August 18, 2017, Plaintiff was riding as an innocent passenger on a motorcycle owned by Defendant, DOE 51, and being operated by Defendant, GALASSI with the knowledge and actual or implied consent of Defendant, DOE 51.

19) Sometime during GALASSI'S operation of the aforesaid motorcycle, one or more of Defendants, DOES 1-50, attempted to stop GALASSI for some, as of this time, unascertained infraction, other purported violation of California law, or reason that did not constitute a violation of California law.

20) GALASSI refused to stop, and, instead, fled from one or more of Defendants, DOES 1-50.

21) A vehicle pursuit ensued involving one or all of Defendants, DOES 1-50, during which one or all of Defendants, DOES 1-50, negligently or wrongfully acted, or omitted to act, in the operation of any motor vehicle. Specifically, one or all of Defendants, DOES 1-50, ignored or failed to follow the vehicle pursuit policies of Defendants, LASD, LAPD, and/or CHP. Additionally, one or all of Defendants, DOES 1-50, operated their respective motor vehicles and/or directed the pursuit, in an unconscionable and shocking manner, with recklessness, deliberate indifference, or even intentional and conscious disregard for the safety of the Plaintiff, an innocent third party victim, resulting in grievous personal injuries to Plaintiff, including numerous fractures and permanent partial impairment(s).

## COUNT I

CLAIM BROUGHT PURSUANT TO CALIFORNIA TORT CLAIMS ACT, AND CALIFORNIA VEHICLE CODE SECTION 17001 AGAINST

— 6 —
**COMPLAINT FOR DAMAGES**

DEFENDANTS'JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, and STATE OF CALIFORNIA'S Liability for Negligence of Defendants', DOES 1-50. Plaintiff realleges and incorporates herein, the allegations set forth in paragraphs 1-21 above, and further alleges that:

22) Vehicle Code section 17001 creates a statutory exception to public entities' general tort immunity: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

23) The manner in which one or all of Defendants, DOES 1-50, operated their respective motor vehicles and/or directed the pursuit violated Defendants', LASD, LAPD and CHP's, vehicle pursuit policies by, among other things, failing to take into account or ignoring the time of day, traffic conditions, speed at which GALUSSI was operating the motorcycle owned by DOE 51, nature of the offense GALUSSI had allegedly committed, traffic patterns and volume, location of the chase, the presence of Plaintiff, an innocent third party, riding as a passenger on the motorcycle operated by GALUSSI, visibility, road conditions, the identity of offender (if known)/offender can be located at a later time, capabilities of law enforcement vehicle(s), ability of officer(s) driving, availability of additional resources, whether supervisory approval is required, the Officers'/supervisors' familiarity with the area of the pursuit, and the Quality of radio communications.

24) The threat to Plaintiff's safety posed by the aforesaid acts of DOES 1-50 was out of proportion to the offense or offenses involved.

25) The aforesaid actions of DOES 1-50 constitute negligent or wrongful act(s) or omission(s) in the operation of any motor vehicle by an employee(s) of the public entity acting within the scope of her/his/their employment for which Defendants,

— 7 —
COMPLAINT FOR DAMAGES

CITY, COUNTY, STATE, McDONNELL, BECK, STANLEY, LASD, LAPD, and CHP are liable under Vehicle Code section 17001.

26) As a direct and proximate result of the aforesaid acts and omissions, Plaintiff has suffered the following damages:

a. Grievous and permanent physical injuries and impairments.

b. Emotional pain and suffering, both past and in the future.

c. Compensatory damages.

d. Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper, and trial by jury of all matters triable as right by jury.

## COUNT II

CLAIM AGAINST DEFENDANTS' JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, and STATE OF CALIFORNIA, FOR FAILURE TO COMPLY WITH CALIFORNIA VEHICLE CODE SECTION 17004.7.

Plaintiff realleges and incorporates herein, the allegations set forth in paragraphs 1-21, and 23 above, and further alleges that:

27) Defendants, CITY, COUNTY, STATE, LASD, LAPD and CHP adopted and promulgated vehicle pursuit policies pursuant to California Vehicle Code Section 17004.7. Defendants, McDonnell, Beck, and Stanley were responsible for ensuring that said vehicle pursuit policies complied with the requirements of sections 17004.7(c)(2) and (c)(4) regarding minimum standards and adequate guidelines, section 17004.7(c)(1-12) regarding minimum guidelines, section 17004.7(d) regarding "Regular and periodic training" annually, such training to include, at a minimum, coverage of each of the subjects and elements set forth in subdivision (c)

and the training guidelines established pursuant to Section 13519.8 of the California Penal Code. Defendants were furthermore responsible for implementing a written certification requirement, independent of section 17004.7, that all officers certify that that they have received, read, and understand the department's vehicle pursuit policy.

28) The Defendants' vehicle pursuit policies fail to specify minimum standards and adequate guidelines as required by California Vehicle Code section 17004.7, subdivisions (c)(2) and (c)(4).

29) Defendants did not implement a written certification requirement, independent of section 17004.7, that all officers certify that that they have received, read, and understand the department's vehicle pursuit policy.

30) Defendants were negligent by failing to adopt and promulgate a vehicle pursuit policy that provided the minimum guidelines set forth in section 17004.7(c)(1-12) of the California Vehicle Code.

31) The Defendants' vehicle pursuit policies do not provide officers in the field with sufficient guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit.

32) Defendants' vehicle pursuit policies do not provide reasonably specific criteria to guide officers in determining when a threat to public safety is out of proportion to the offense or offenses involved. The pursuit policy leaves that determination to the officer's subjective judgment.

33) The Defendants' policies provide insufficient guidance to officers regarding factors to consider when determining when to terminate a pursuit. The criteria for making that determination are insufficient to control and channel the pursuing officer's discretion to enable the officer to determine when a serious hazard is present or when continued pursuit of an identified suspect would serve no useful purpose.

34) By failing to provide sufficient guidance to officers regarding factors to consider when determining when to terminate a pursuit, insufficient criteria for making that determination are insufficient to control and channel the

— 9 —

**COMPLAINT FOR DAMAGES**

pursuing officer's discretion to enable the officer to determine when a serious hazard is present or when continued pursuit of an identified suspect would serve no useful purpose, no reasonably specific criteria to guide officers in determining when a threat to public safety is out of proportion to the offense or offenses involved, instead, leaving that determination to the officer's subjective judgment; not providing officers in the field with sufficient guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit, Defendants, LASD, LAPD, and CHP, did not adopt and implement an appropriate vehicle pursuit policy.

35) The means with which Defendants, LASD, LAPD, and CHP implement their respective vehicle pursuit policies do not comply with the requirements of Vehicle Code section 17004.7, and, therefore constitute a mere formality in violation of section 17004.7.

36) Defendants, LASD, LAPD, and CHP, adopted and promulgated a vehicle pursuit policy that did not meet the minimum standards enumerated in California Vehicle Code section 17004.7(c)(1-12), and/or did not provide the regular and periodic training required by California Vehicle Code section 17004.7(d), including, at a minimum, the following training guidelines established pursuant to Section 13519.8 of the California Penal Code:

**As to the Balance Test:**

Public safety

Nature of offense and apparent circumstances

Officer safety Vehicle Code requirements

Passenger in officer's vehicle (e.g., citizen, witness, prisoner)

Pedestrian and vehicular traffic patterns and volume

Other persons in or on pursued vehicle (e.g., passengers, co-offenders, hostages)

Location of the pursuit (e.g., school zone, playground, residential, downtown, jurisdiction)

Time of day Speed of fleeing suspect

Weather and visibility

Road conditions

Identity of offender (if known)/offender can be located at a later time

Capabilities of law enforcement vehicle(s)

Ability of officer(s) driving

Availability of additional resources

Whether supervisory approval is required

Officer's/supervisor's familiarity with the area of the pursuit

Quality of radio communications (e.g., out of range, garbled, none)

**As to Number of Involved Law Enforcement Units Permitted:**

Type of units (marked/unmarked, motorcycles, canine, etc.) authorized to participate in a pursuit

Types of units confined to limited roles

Tactics and techniques authorized for units approved to "trail" or parallel a pursuit (e.g., traffic control in advance of the pursuit)

Number of suspects in fleeing vehicle

Number of officers per unit/vehicle

Nature of violation/suspected offense

Characteristics of the location/area

Availability of air support

Availability of assisting agencies/jurisdictions

Traffic conditions

**As to the Responsibilities Of Primary And Secondary Law Enforcement Units:**

Role of officer(s) and/or supervisor(s) regarding:

• Initiating a pursuit

• Continuing or terminating a pursuit

• Changing roles in a pursuit (primary to secondary)

• Taking over a pursuit as the primary unit or agency

• Joining a pursuit in progress • Driving tactics

— 11 —
COMPLAINT FOR DAMAGES

• Capabilities of law enforcement vehicle(s)

• Ability of officer(s) driving

Communicating with other officer(s), dispatch and supervisor(s)

Operational responsibility for the pursuit

Conditions for authorizing additional units

**As to driving tactics:**

Spacing (distance between vehicles)

Intersection analysis/management

Caravanning (number of units in line)

Passing Paralleling Trailing

Use of emergency equipment

**As to air support:**

Communications Intersection/traffic analysis

Illumination (use of spotlight)

Surveillance tactics

Weather

Number of air units Aircraft safety

**As to communications:**

Notifying the communications center of the initiation of a pursuit

Initial information broadcast by the primary unit, including unit identification, location, direction of travel and speed, initial reason(s) for the pursuit, description of pursued vehicle including license number, if known, number of occupants in fleeing vehicle, if known, traffic and weather conditions

Continuing updates, including additional crimes observed

Control/coordination procedures, including supervisor notification (if available), Agency/Multi-jurisdictional communications, designation of communication frequency

— 12 —
COMPLAINT FOR DAMAGES

Assignment of communications responsibilities

• Primary unit

• Secondary unit(s)

• Supervisor(s)

• Air unit (if available)

As to capture of suspects:

Availability/use of arrest team Use of "high risk" car stop techniques

Availability of additional units

Physiological and psychological condition of the officer

Department use of force policy/options

Characteristics of termination location

As to continuation or termination of pursuit:

Public safety

Nature of offense and circumstances

Officer safety

Vehicle code requirements

Passenger in officer's vehicle (citizen, witness, prisoner)

Pedestrian and vehicular traffic patterns and volume

Other persons in or on pursued vehicle (passengers, co-offenders, hostages)

Location of the pursuit (school zone, playground, residential, downtown, jurisdiction)

Time of day

Speed of fleeing suspect

Weather and visibility

Road conditions

Identity of offender (if known)/offender can be located at a later time

Capabilities of law enforcement vehicle(s)

Ability of officer(s) driving

Availability of additional resources

Whether supervisory approval is required

Officer's/supervisor's familiarity with the area of the pursuit

Quality of radio communications (e.g., out of range, garbled, none)

**As to supervisory responsibilities:**

Violation/justification for the pursuit

Compliance with department policy

Number of involved law enforcement units permitted

Responsibilities of primary and secondary law enforcement units

Driving tactics

Air support Communications

Pursuit intervention tactics Speed Interjurisdictional considerations

Conditions of the vehicle, driver, roadway, weather, and traffic Hazards to uninvolved bystanders or motorists

Proceed to termination point

Stabilization of incident

Capture of suspects

As to pursuit intervention:

Training on the method/tactic

Type of vehicle involved (motorcycle, car, SUV, etc.)

Speed Location of the pursuit (school zone, playground, residential, downtown)

Road conditions

Occupant(s) of suspect vehicle (hostages, innocent persons, etc.)

Pedestrian and vehicular traffic patterns and volume Weather and visibility

Department use of force/shooting policy

Nature of the offense

**As to the speed of pursuit:**

Public safety

Nature of offense and apparent circumstances

Officer safety

Vehicle Code requirements

Passenger in officer's vehicle (e.g., citizen, witness, prisoner)

Pedestrian and vehicular traffic patterns and volume

Other persons in or on pursued vehicle (e.g., passengers, co-offenders, hostages)

Location of the pursuit (e.g., school zone, playground, residential, downtown, jurisdiction)

Time of day

Speed of fleeing suspect Weather and visibility

Road conditions

Identity of offender (if known)/offender can be located at a later time

Capabilities of law enforcement vehicle(s) Ability of officer(s) driving

Availability of additional resources

Whether supervisory approval is required Officer's/supervisor's familiarity with the area of the pursuit Quality of radio communications (e.g., out of range, garbled, none)

As to interjurisdictional considerations:

Supervisory management and control of a pursuit that enters another jurisdiction

Communications and notifications among the agencies involved

Assistance available from the agency into whose jurisdiction the pursuit enters

Responsibility of an officer or employee who becomes aware of an outside jurisdiction conducting a pursuit within the employee's jurisdiction

Procedures for the agency to provide assistance, including assuming control of a pursuit

Any agency limits prohibiting involvement in an outside-agency pursuit

Any limits on the number of agencies and/or units allowed in pursuit at one time

Coordination, management, and control at the termination of an interjurisdictional pursuit

— 15 —
COMPLAINT FOR DAMAGES

Responsibility for any arrest(s) when the offender(s) is captured

Factors that might warrant relinquishment of a pursuit to another jurisdiction (e.g., unfamiliarity with the area, loss of radio communications, or interagency agreement)

**As to conditions of the vehicle, driver, roadway, weather and traffic:**

Conditions affecting vehicles (type, condition, emergency equipment, capabilities, etc.)

Conditions affecting drivers (physiological, psychological, abilities)

Roadway conditions (width, surface)

Weather conditions (rain, fog, ice, snow)

Traffic conditions (heavy, moderate)

**As to hazards to uninvolved bystanders and motorists:**

Public safety Nature of offense and apparent circumstances

Officer safety

Availability/use of arrest team Use of "high risk" car stop techniques

Availability of additional units

Physiological and psychological condition of the officer

Department use of force policy/options

Characteristics of termination location

**As to reporting and post-pursuit analysis:**

Administrative review

Audio-visual evidence (if available)

Circumstances associated with pursuit.

37) Defendants did not sufficiently promulgate its policy as evidenced by the fact that its officer(s) failed to comply with and adhere to it. Furthermore, each of the officers who participated in and/or made or contributed to the decision to chase Defendant, GALASSI, did not receive, read and understanding the department's

— 16 —
COMPLAINT FOR DAMAGES

police pursuit policy, including every amendment to it. Further, a signed form was not kept in each officer's file as proof of promulgation of the vehicle pursuit policy.

38) As a direct and proximate result of the aforesaid acts and omissions, Plaintiff has suffered the following damages:

a. Grievous and permanent physical injuries and impairments.

b. Emotional pain and suffering, both past and in the future.

c. Compensatory damages.

d. Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper, and trial by jury of all matters triable as right by jury.

## COUNT III

Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein, and further alleges that:

39) An individual's interest in being free and safe from unreasonable police conduct falls within the Fourth Amendment's protection against unreasonable seizure. Conducting a vehicle pursuit with recklessness, deliberate indifference, or even intentional and conscious disregard for the safety of the Plaintiff, an innocent third party victim amounts to an unreasonable seizure under the Fourth Amendment.

40) As such, Plaintiff has suffered a separate constitutional violation of the Fourth Amendment of the United States due to the unreasonable seizure of her.

41) Defendant, DOES 1-50's, actions as described and enumerated in paragraph 23 were unreasonable under the circumstances, and constituted recklessness, deliberate indifference, or even intentional and conscious disregard for the safety of the Plaintiff, an innocent third party.

42) The above described actions and omissions constituted acts under the color of state authority by DOES 1-50. Said Defendants deprived the Plaintiff of the right

**COMPLAINT FOR DAMAGES**

secured to her by the Fourth Amendment of the Constitution of the United States of America given that an unreasonable seizure occurred.

43) As a consequence of the deprivation of the Plaintiff's right to have a Fourth Amendment guarantee against unreasonable seizures, the Plaintiff has suffered the following damages:

a. Grievous and permanent physical injuries and impairments.

b. Emotional pain and suffering, both past and in the future.

c. Compensatory damages.

d. Attorney's fees, pursuant to the 42 USC §1988.

e. Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper.

Dated: August 21, 2018

Respectfully submitted

By: Tigran Martinian, Esq.
Suzanna Abrahamian, Esq.
Attorney for Diana Bolanos

— 18 —
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby formally demands a trial by jury as allowed by California law.

Dated: August 21, 2018

MARTINIAN & ASSOCIATES, INC.

By:   Tigran Martinian, Esq.
      Suzanna Abrahamian, Esq.
      *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
Michael K. Teiman, Esq. SBN 319524
mt@haffnerlawyers.com
HAFFNER LAW PC
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Tigran Martinian, Esq. SBN 247638
tm@martinianlaw.com
Suzanna Abrahamian, Esq. SBN 285453
sa@martinianlaw.com
MARTINIAN & ASSOCIATES, INC.
2801 West Cahuenga Blvd.
Los Angeles, California 90068
Tel: (323) 850-1900
Fax: (323) 850-1943

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DIANA BOLANOS<br><br>Plaintiffs,<br><br>v.<br><br>JAMES MCDONNEL as Sherriff of Los Angeles County, Warren Stanley as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50, inclusive, GREGORY GALASSI, an individual; and DOE 51, individually<br><br>Defendants. | CASE NO. BC718789<br><br>Complaint Filed: August 21, 2018<br><br>**NOTICE OF ASSOCIATION OF COUNSEL** |

— 1 —

NOTICE OF ASSOCIATION OF COUNSEL

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, effective immediately, October 11, 2018, Martinian & Associates, Inc. associates the HAFFNER LAW PC, located at 445 S. Figueroa Street, Suite 2325, Los Angeles, CA 90071 as co-counsel of record for Plaintiff in the above-entitled actions.

Please add the following counsel and firm to the service list:

Joshua H. Haffner, Esq.
Graham G. Lambert, Esq.
Michael Teiman, Esq.
HAFFNER LAW PC
445 South Figueroa Street, Suite 2325
Los Angeles, CA 90071
Phone: 213-514-5681
Fax:    213-514-5682

DATED: October 15, 2018

MARTINIAN AND ASSOCIATES

By: _____
Tigran Martinian, Esq.
Suzanna Abrahamian, Esq.
*Attorneys for Plaintiffs*

ASSOCIATION ACCEPTED

DATED: October 15, 2018

HAFFNER LAW PC

By: _____
Joshua H. Haffner
Graham G. Lambert
*Attorneys for Plaintiffs*

— 2 —
NOTICE OF ASSOCIATION OF COUNSEL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Tigran Martinian, SBN 247638; Suzanna Abrahamian, SBN 285453
MARTINIAN & ASSOCIATES, INC.
2801 Cahuenga Boulevard West
Los Angeles, CA 90068
TELEPHONE NO.: 323-850-1900        FAX NO.: 323-850-1943
ATTORNEY FOR (Name): Plaintiff, Diana Bolanos

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bolanos v. McDonnell, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 718789 |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ✓ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ✓ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2 (Two); State Tort, Civil Rights
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 21 2018
Suzanna Abrahamian, Esq.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers.  If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases.  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases.  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER BC 7 1 8 7 8 9 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | ☑ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☒ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Bolanos v. McDonnell, et al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 6. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 6. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Bolanos v. McDonnell, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>60 Freeway , at or near Grand Avenue, Los Angeles, CA |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 |
|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Superior___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles (Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 21, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

NOTICE OF CASE ASSIGNMENT

UNLIMITED CIVIL CASE - IC

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
BC718789

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on ___AUG 21 2018___
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By ___G. ROBINSON___, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys,
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section ◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER, |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY| | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | FAX NO. (Optional): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER. |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____        ⯈ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____    ⟩ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:
                                     ⟩ _____
_____        (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                     ⟩ _____
_____        (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                     ⟩ _____
_____        (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date:
                                     ⟩ _____
_____        (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:
                                     ⟩ _____
_____        (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:
                                     ⟩ _____
_____        (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date:    _____

         _____
                                             JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Advantages of ADR
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

Disadvantages of ADR - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

The Most Common Types of ADR

- Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

- Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

- Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221




■  Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■  Mandatory Settlement Conference (MSC)

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a Judge who devotes his or her time exclusively to preside over the MSC. The Judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221



## Additional Information

To locate a dispute resolution program or neutral in your community:

* Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
* Contact the local bar association (http://www.lacba.org/) or;
* Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joshua H. Haffner, 188652; Michael K. Telman, SBN 319524<br>Haffner Law PC<br>445 S. Figueroa Street, Suite 2325; Los Angeles, CA 90071<br>TELEPHONE NO.: 213-516-5681    FAX NO. *(Optional):* 213-514-5682<br>E-MAIL ADDRESS *(Optional):* mt@haffnerlawyers.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Diana Bolanos

DEFENDANT/RESPONDENT: James McDonnell, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ UNLIMITED CASE  ☐ LIMITED CASE<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | BC718789 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: January 17, 2019    Time: 8:30 a.m.    Dept.: 19    Div.:    Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiffs
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not):*
          see attachment 3b.
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action):*
      Civil Rights complaint under 42 U.S.C. section 1983

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Diana Bolanos | BC718789 |
| DEFENDANT/RESPONDENT: James McDonnell, et al. | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

The police began chasing defendant Gregory Galassi while he and Plaintiff were on his motorcycle. In conductin the pursuit, the police (all other defendants) failed to abide by, including but not limited, their own internal policies and procedures, minimum standards, guidelines, training, and standard of care. The motorcycle crashed due to the police's conduct. As a result, Plaintiff has suffered severe physical and emotional injuries.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* 2/4/19; 2/25/19; 3/18/19; 5/15/19; 5/21/19; 8/20/19; 8/27/19; 9/3/19; 9/30/19; 10/7/19; 11/8/19; 12/3/19; 12/9/19; 12/30/19; 1/27/20; 2/24/20; 4/21/20; 6/29/20; all 10-14 day trials

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 10-14 days
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:       f.  Fax number:
e.  E-mail address:       g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  Referral to judicial arbitration or civil action mediation (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

---

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Diana Bolanos | BC718789 |
| DEFENDANT/RESPONDENT: James McDonnell, et al. | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER:    Diana Bolanos | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:    James McDonnell, et al. | BC718789 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depositions | Per code |
| Plaintiff | Discovery | Per code |
| Plaintiff | Expert Discovery | Per code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Diana Bolanos | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | James McDonnell, et al. | BC718789 |

17. Economic litigation

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. Other issues

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. Meet and confer

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

        Plaintiff has not met and conferred as the defendants have yet to be served.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*     1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 2, 2019

Michael K. Telman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Diana Bolanos v. James McDonnell | BC718789 |

ATTACHMENT *(Number):* 3b

*(This Attachment may be used with any Judicial Council form.)*

The following parties in the complaint have not been served because Plaintiff is contemplating amending the complaint:

1) James McDonnell
2) Warren Stanley
3) Charlie Beck
4) City of Los Angeles
5) Los Angeles County
6) State of California
7) Gregory Galassi

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

# EXHIBIT C

XAVIER BECERRA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General
GARY OSTRICK
Deputy Attorney General
State Bar No. 211031
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6523
  Fax:  (213) 897-2810
  E-mail:  Gary.Ostrick@doj.ca.gov

Attorneys for Defendants State of California, acting
by and through the California Highway Patrol, and
Commissioner Warren Stanley

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DIANA BOLANOS,<br><br>                                Plaintiff,<br><br>                v.<br><br>JAMES MCDONNELL, as Sheriff of Los Angeles County, WARREN STANLEY, as Commissioner of the California Highway Patrol, CHARLIE BECK as Chief of the Los Angeles Police Department, CITY OF LOS ANGELES, a municipal entity, LOS ANGELES COUNTY, a public entity, STATE OF CALIFORNIA, DOES 1-50, inclusive, GREGORY GALASSI, individually, and DOE 51, individually,<br><br>                                Defendants. | Case No. BC718789<br><br>NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1443, & 1446<br><br><br>Judge:        Stephanie Bowick<br>Dept:          19<br><br><br>Action Filed: August 21, 2018 |

1

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants State of California, acting by and through the California Highway Patrol, and Commissioner Warren Stanley, sued in his official capacity only, on January 28, 2019, removed this action to the United States District Court for the Central District of California.  A true and correct copy of the Notice of Removal is attached to this notice as Exhibit 1.

PLEASE FURTHER TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in the United States District Court for the Central District of California, together with the filing of a copy of the notice of removal with this Court, shall effect removal of this action and this Court may not proceed further with this action unless and until this case is remanded.

Dated:  January 28, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General

/s/ Gary Ostrick
GARY OSTRICK
Deputy Attorney General
Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and CommissionerWarren Stanley

2

NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (Case No. BC718789)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Diana Bolanos v. James McDonnell, et al.**
No.:          **BC718789**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>January 28, 2019</u>, I served the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a) AND (c) (FEDERAL QUESTION)** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013, addressed as follows:

Tigran Martinian
Attorney at Law
Law Offices of Martinian & Associates Inc.
2801 Cahuenga Boulevard West
Los Angeles, California 90068
*Attorneys for Plaintiff*

Joshua H. Haffner, Esq.
Graham G. Lambert, Esq.
Michael Teiman, Esq.
HAFFNER LAW PC
445 South Figueroa Street, Ste. 2325
Los Angeles, CA 90071
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 28, 2019, at Los Angeles, California.

|  Sandra Dominguez  |  /s/ Sandra Dominguez  |
| :---: | :---: |
| Declarant | Signature |

LA2019500165