# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-666 PSG (PLAx) | Date | February 21, 2019 |
|---|---|---|---|
| Title | Diana Bolanos v. James McDonnell, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**  Order REMANDING the case to Los Angeles Superior Court

  Plaintiff Diana Bolanos ("Plaintiff") filed this case in state court asserting two state law causes of action as well as a cause of action for violation of the Fourth Amendment to the U.S. Constitution. *See Complaint*, Dkt. # 1-1. While the latter claim was not explicitly brought under 42 U.S.C. § 1983, that statute appears to be the source of Plaintiff's cause of action. On January 29, 2019, Defendants the State of California, acting by and through the California Highway Patrol (CHP), and Warren Stanley (the commissioner of the CHP) removed the case to this Court, asserting federal question jurisdiction on the basis of Plaintiff's constitutional claim. *See Notice of Removal*, Dkt. # 1.

  However, on February 14, 2019, Plaintiff filed an amended complaint. *See First Amended Complaint*, Dkt. # 9 ("*FAC*"). Notably, the amended complaint removed the constitutional claim and now asserts only state law claims for negligence. *See id.* While the amendment did not destroy this Court's jurisdiction because federal question jurisdiction appears to have existed at the time of removal, the Court is under no obligation to retain jurisdiction over the state law claims now that the federal claim is no longer part of the case. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Courts considering whether to retain jurisdiction over remaining state law claims evaluate "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Supreme Court has noted that courts should generally decline to retain state law claims "when the federal-law claims have dropped out of the lawsuit in its early stages." *Id*; *see also Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (noting that there is nothing improper with a plaintiff amending a complaint after removal to remove federal claims and then moving to remand).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-666 PSG (PLAx) | Date | February 21, 2019 |
|---|---|---|---|
| Title | Diana Bolanos v. James McDonnell, et al. | | |

As the federal claim has dropped out of this case at a very early stage, the Court sees no reason to retain jurisdiction over the remaining state law claims. Accordingly, it declines to exercise jurisdiction over them and **REMANDS** the case to Los Angeles Superior Court, No. BC718789.

This order closes the case.

**IT IS SO ORDERED**